# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE BOLYARD<br><br>Plaintiff,<br><br>v.<br><br>WALLENPAUPACK LAKE ESTATES, INC. and WALLENPAUPACK LAKE ESTATES PROPERTY OWNERS ASSOCIATION,<br><br>Defendants. | CIVIL ACTION NO. 3:10-CV-87<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss and Motion for a More Definite Statement. (Doc. 5.) For the reasons discussed more fully below, Defendants' Motion will be denied. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

On January 19, 2008, Plaintiff was snow tubing on premises that are owned, in the possession of, or controlled by Defendants. (Compl. at ¶ 5.) As Plaintiff went down the slope, she fell off the edge of the slope and ran into a tree, sustaining multiple fractures of the pelvis as well as neck and back injuries. (Compl. at ¶ 6.) Plaintiff alleges that Defendants created, maintained, and/or permitted a dangerous condition on the slope because there was no "snow fence" located at the edge of the slope where there was a "drop-off" and there were no signs or warnings posted regarding this condition. (Compl. at ¶ 7.)

Plaintiff alleges that her injuries were caused by the "negligence, carelessness, recklessness and/or unlawfulness of Defendants." (Compl. at ¶ 16.) Specifically, Defendants allowed the dangerous condition on their premises and, despite knowing of it, failed to

inspect or correct the problem with the slope in a reasonable and prudent manner, hired employees who failed to maintain the slope, did not establish procedures to determine whether Defendants' employees were capable of performing their job duties, and failed to supervise its agents and employees. (Compl. at ¶ 16-17.) Plaintiff's Complaint also contains catch-all paragraphs alleging that "Defendants were otherwise negligent, careless, reckless, and/or unlawful as discovery may prove," and "Defendants were otherwise negligent, careless and/or unlawful under the circumstances in the hiring, employing, training and/or promoting the various agents, servants, workers and/or employees who were responsible for work on the subject property." (Compl. at ¶¶ 16(d), 17(e).)

Plaintiff filed her one-count Complaint on January 14, 2010, bringing a cause of action for negligence against Defendants. (Doc. 1.) On March 8, 2010, Defendants filed the instant motion. The motion has been fully briefed and is currently ripe for disposition.

## **LEGAL STANDARD**

### I. **MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint

2

to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss.  *Id.*  The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden

of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II. MOTION FOR A MORE DEFINITE STATEMENT

If the Complaint is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading" a party may move for a more definite statement. FED. R. CIV. P. 12(e); *Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, No. CIV.A. 00-CV-3683, 2000 WL 1780231, at *2 (E.D. Pa. Dec. 4, 2000). "Rule 12(e) motions are only granted when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith without prejudice to itself." *Schmidt*, 2000 WL 1780231, at *2 (quoting *Sun Co. v. Badger Design & Constructors*, 939 F. Supp. 365, 368 (E.D. Pa. 1996)). Motions for more definite statements are not viewed with favor. *Pitcavage v. Mesierecraft Boat Co.*, 632 F. Supp. 842, 849 (M.D. Pa. 1995) (citing *Wilson v. United States*, 585 F. Supp. 202 (M.D. Pa. 1984)).

## **DISCUSSION**

## I. MOTION TO DISMISS

Defendants seek to dismiss any claims that they acted in a "reckless" or "unlawful" manner.[1] First, this Court notes that Defendants seem to object to this language because it may expose them to "a cause of action for punitive damages." However, Plaintiff's Complaint does not seek punitive damages. Thus, it is unclear how Defendants are prejudiced by the language at issue.

---

[1] The heading for this section claims that this is a motion to strike; however, the body of the argument cites to Fed. R. Civ. P. 12(b)(6). To the extent that Defendants seek to strike this material as being redundant, immaterial, impertinent, or scandalous pursuant to Fed. R. Civ. P. 12(f), Defendant has not argued or proven that the material meets any of these criteria.

4

In any event, Plaintiffs have still properly plead reckless conduct on the part of Defendants. Under Pennsylvania law, "a jury may award punitive damages only where the evidence shows the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk." *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990) (citations omitted). Here, Plaintiff alleged that Defendants knew that the slope they owned and operated was dangerous, which would create a high risk of physical harm to the patrons of the slope who are traveling down the slope at high rates of speed, and acted indifferently by failing to inspect or maintain the area. As such, the allegations in the Complaint are sufficient to make out a claim that Defendants acted in a reckless manner. Defendants' motion to dismiss will be denied.

## II.     MOTION FOR A MORE DEFINITE STATEMENT

Defendants seek to a more definite statement because the Plaintiff has not specifically named which of Defendants' employees and agents acted negligently. This Court has held that such motions are highly disfavored because the federal rules only call for "relatively skeletal pleadings" and that any specific factual details regarding allegations should be uncovered through the discovery process. *A.M. Skier Agency, Inc. v. Creative Risk Services, Inc.*, No. 3:05-cv-0451, 2006 WL 167762, at *2 (M.D. Pa. Jan. 20, 2006).

Under Pennsylvania law, an employer will be held vicariously liable for the negligence of his employee, provided that such acts were committed during the course and within the scope of employment. *Joseph M. v. Northeastern Educational Intermediate Unit 19*, 516 F. Supp.2d 424, 445 (M.D. Pa. 2007). A plaintiff need not allege all of the details of an agency

5

relationship for the purposes of vicarious liability, he need only "(1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or, if unauthorized, were ratified by the principal." *Alumni Association v. Sullivan*, 535 A.2d 1095, 1100 n.2 (Pa. Super. 1987) (citing *Casey v. Geiger*, 499 A.2d 606, 612 (Pa. 1985)). In a recent case, this Court held that the pleading requirements of Fed. R. Civ. P. 8 were met where the Plaintiff only alleged that employees of the defendant corporation acted negligently. *See Sabric v. Lockheed Martin*, No. 3:09-CV-2237, 2010 WL 02237, at *5 (M.D. Pa. Feb. 12, 2010). In that case, Defendant's motion for a more definite statement was denied. *Id.* at *6.

Likewise, Plaintiff's Complaint sufficiently makes out a claim for negligence through a theory of vicarious liability. The agents or employees are sufficiently described as the employees of Defendants who were responsible for the maintenance of the slope and failed in these duties. The scope of authority is set out by their roles as Defendants' employees. Defendants can reasonably be expected to frame a responsive pleading and have not shown that their motion for the "highly disfavored" 12(e) remedy is appropriate in this case. The factual details Defendants request are more appropriately sought through the ordinary course of discovery. Thus, Defendants' motion for a more definite statement will be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss and Motion for a More Definite Statement will be denied. An appropriate Order follows.

| | |
|---|---|
| May 14, 2010<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE BOLYARD<br><br>Plaintiff,<br><br>v.<br><br>WALLENPAUPACK LAKE ESTATES, INC. and WALLENPAUPACK LAKE ESTATES PROPERTY OWNERS ASSOCIATION,<br><br>Defendants. | CIVIL ACTION NO. 3:10-CV-87<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this __14th__ day of May, 2010, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and Motion for a More Definite Statement (Doc. 5) is **DENIED**.

                                                                                       /s/ A. Richard Caputo
                                                                                       A. Richard Caputo
                                                                                       United States District Judge