**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHANIE BOLYARD,

    Plaintiff,

        v.

WALLENPAUPACK LAKE ESTATES,
INC. and WALLENPAUPACK LAKE
ESTATES PROPERTY OWNERS
ASSOCIATION,

    Defendants.

CIVIL ACTION NO. 3:10-CV-87

(JUDGE CAPUTO)

**<u>MEMORANDUM</u>**

Before the Court is Defendant Wallenpaupack Lake Estates ("WLE") Property Owners Association's motion for summary judgment.  Ms. Bolyard is suing WLE for negligence for injuries she sustained while tubing on a hill located on its property. In its motion, WLE raises four arguments: (1) it satisfied the standard of care it owed Ms. Bolyard as either a trespasser or licensee on the WLE property; (2) its actions were not the proximate cause of her injuries; (3) it is immune from suit under Pennsylvania's Recreational Use of Land and Water Act (RULWA); and (4) Ms. Bolyard assumed the risk by knowingly and voluntarily tubing down the hill.  The Court finds that Ms. Bolyard's status on the property and the proximate cause of her injuries are questions of fact for a jury.  The Court further finds that the hill in question was not "land" under the RULWA and that the assumption of risk doctrine does not apply.  Therefore, the summary judgment motion will be denied.

## BACKGROUND

On January 19, 2008, Ms. Bolyard was visiting her boyfriend, Michael Dohn, who owned a home at WLE.  WLE is a multi-acre community located in Wayne County, Pennsylvania containing over 1,300 residences and large swaths of undeveloped land.  The couple decided to take their children snow tubing on an old ski slope.  They did not tell any WLE personnel they were going tubing or ask permission.  Both Mr. Dohn and his neighbor, Doug Bagnall, a WLE employee, testified that the slope was periodically used for sledding.  Mr. Dohn also testified that there were no signs on the hill indicating that access to it was forbidden as there were for other parts of the property that were off limits.  WLE's chief of public safety, Norman Kizer, however, testified that the ski slope was not used for any winter activities in the twenty-five years he worked on the property.  At the time, Ms. Bolyard had not been snow tubing for a number of years.  She proceeded down the hill, hit some sort of bump or rut, and went into a tree, suffering serious injuries.  Ms. Bolyard then filed her complaint for negligence against WLE and it has now moved for summary judgment. The motion has been fully briefed and is ripe for review.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *Id.*  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine

issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

**I.      Ms. Bolyard's legal status on the WLE property**

Pennsylvania law has long held that the duty a land possessor owes to a person who enters his land is to be determined based on whether the entrant is a trespasser, an invitee or a licensee. *Palange v. City of Philadelphia*, 433 Pa.Super. 373, 640 A.2d 1305, 1308 (Pa.Super.Ct.1994).  The Restatement (Second) of Torts defines a trespasser as a person who enters or remains upon land in the possession of another without a privilege to do so. *Id.* The Restatement defines a licensee as "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." *Id.*  In Pennsylvania, a trespasser may recover for injuries sustained on land only if the possessor of land was guilty of wanton or willful negligence or misconduct. *Rossino v. Kovacs*, 553 Pa. 168, 172 (1998).  A license to enter land does not extend beyond the area to which the permission applies. *Porreca v. Atlantic Refining Co.*, 403 Pa. 171, 174 (1961). "A trespasser is one who enters the land of another without any right to do so *or who goes beyond* the rights and privileges which he or she has been granted by license or invitation." *Oswald v. Hausman*, 378 Pa. Super. 245, 253 (1988) (emphasis added).  Finally, Pennsylvania courts have repeatedly held that "generally, the determination of whether an individual is an invitee, licensee, or trespasser is one of fact for the jury." *Palange*, 640 A.2d at 1307.

Here, WLE claims that even if Mr. Bolyard was rightfully on WLE's property as a guest of Mr. Dohn, she became a trespasser when she went tubing on the ski slope without permission.  But Mr. Dohn testified that he saw people sledding on the hill over the years. He also testified were no signs posted prohibiting use of the slope as there were at other

4

locations on the property that were off limits.  The determination of Ms. Bolyard's legal status on the slope is one that should be decided by a jury.

## II.      The standard of care owed Ms. Bolyard as a licensee

The Restatement (Second) of Torts § 342 describes the duty of care owed to licensees as follows:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

*Ott v. Unclaimed Freight Co.*, 577 A.2d 894,898 (Pa.Super.Ct. 1990).  Satisfaction of the third element, that is whether the licensee knew or had reason to know of the condition and its attendant risks, is usually a question of fact for the jury. *Himes v. New Enter. Stone & Lime Co., Inc.*, 399 Pa.Super. 301, 310 (1990).

WLE claims that, even if Mr. Bolyard was a licensee, it fulfilled its duty of care to her because the dangers surrounding tubing on an old ski slope that was not maintained and was surrounded by trees would be obvious to anyone.  Ms. Bolyard counters that the rut or trough that sent her into the trees was camouflaged by the snow and was not apparent.  Since WLE knew the hill was periodically used for sledding, Ms. Bolyard argues, it had an obligation to keep it safe.  Whether WLE fulfilled the duty of care it owed Ms. Bolyard is also a question for the jury.

## III.    Proximate Cause

In trying to recover for an action in negligence, a party must prove four elements. They are:

1. A duty or obligation recognized by law.

2. A breach of the duty.

3. Causal connection between the actor's breach of the duty and the resulting injury.

4. Actual loss or damage suffered by complainant.

*Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1287 (Pa.Super.Ct. 2005) (citing *Reilly v. Tiergarten, Inc.*, 430 Pa.Super. 10 (1993)).   "Proximate causation is defined as a wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Dudley v. USX Corp.*, 414 Pa.Super. 160 (1992).  The method for determining whether negligent conduct is a substantial factor in producing the injury is set forth in *Willard v. Interpool, Limited*:

> The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:
>
> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
>
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
>
> (c) lapse of time.

758 A.2d 684, 688 (Pa.Super.2000) (citing Restatement (Second) of Torts § 433 (1965)).

WLE argues that its actions were not the proximate cause of Ms. Bolyard's accident. Rather, Ms. Bolyard caused the accident by going too fast and not keeping the snow tube on the trail.   She counters that the slope was not properly maintained and that it was an unseen rut or dip in the trail that sent her into the trees.  She maintains that if the slope had been kept up or adequately cordoned off from the surrounding trees, the accident wouldn't have happened.  Again, this type of factual dispute is the province of a jury.

## IV.    RULWA immunity

The RULWA protects landowners from liability by expressly negating ordinary common law duties to keep the land safe or to warn of dangerous conditions. The purpose of the act "is to encourage owners of land to make land and water areas available *to the public* for recreational purposes by limiting their liability toward persons entering thereon for such purposes." 68 P.S. § 477-1 (emphasis added). The act broadly describes its protection as follows:

> Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

68 P.S. § 477-3.  § 477-6 provides two exceptions to RULWA immunity:

> Nothing in this act limits in any way any liability which otherwise exists:

> (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

> (2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof...

The Pennsylvania Superior Court has held that it is proper for the trial court to consider the following five factors in deciding whether a landowner receives immunity under the

RULWA:

> (1) use; (2) size; (3) location; (4) openness; and (5) extent of improvement. First, where the owner of the property has opened the property exclusively for recreational use, the property is more likely to receive protection under the RULWA than if the owner continues to use the property for business purposes. Second, the larger the property, the less likely that it allows for reasonable maintenance by the owner and the more likely that the property receives protection under the RULWA. Third, the more remote and rural the property, the more likely that it will receive protection under the RULWA because the property is more difficult and expensive for the owner to monitor and maintain and because it is less likely for a recreational user to reasonably expect the property to be monitored and maintained. Fourth, property that is open is more likely to receive protection than property that is enclosed. Finally, the more highly-developed the property, the less likely it is to receive protection because a user may more reasonably expect that the landowner of a developed property monitors and maintains it.

*Yanno v. Consolidated Rail Corp.*, 744 A.2d 279, 282-83 (Pa.Super.Ct. 1999).  But often courts focus on one or more factor to the exclusion of others.  *See, e.g., Bashioum v. County of Westmoreland*, 747 A.2d 441 (Pa.Cmwlth. 2000) (focusing on "improvement" prong in case involving giant slide located in county park).

In *Murtha v. Joyce*, a guest who was injured snow tubing on landowner's property brought a negligence action. 875 A.2d 1154 (Pa.Super.Ct. 2005).  The property consisted of 150 acres in Lackawanna County, and was partially improved by a house, swimming pool, tennis court and some outbuildings. There was a wooden fence around part of the property, and additional fencing around the pool and tennis court. The house was on top of a hill, and the landowners' children often used tubes and sleds on the snow-covered hill directly behind the house. *Murtha*, 875 A.2d at 1156.  The trial court granted the landowner summary judgment and plaintiff appealed.  Focusing on the "use" and "improvement" prongs of the *Yanno* test, the Pennsylvania Superior Court reversed the grant of summary judgment.  Specifically, it held that the accident had occurred on a developed part of the

property and that the property had not been dedicated for exclusive use by the public – the landowners frequently rented it out to paying tenants and in the instant case had lent it to a friend and his guests. *Id.* at 1160.

Here, WLE argues that the former ski slope was not developed or maintained and had lay fallow for a number of years.  It is unclear from the record the location of the slope in relation to the other facilities and areas of the community.  But there is no question that WLE was not open to the public for recreational purposes – the primary reason for RULWA immunity.  WLE is a private residential community, and Ms. Bolyard was there as a guest of Mr. Dohn, a WLE homeowner who pays dues to the association.  Granting WLE immunity under the RULWA would improperly widen the narrow purpose of the Act.

## V.    Assumption of Risk

To grant summary judgment on the basis of assumption of the risk the court must conclude, as a matter of law: (1) the party consciously appreciated the risk that attended a certain endeavor; (2) assumed the risk of injury by engaging in the endeavor despite the appreciation of the risk involved; and (3) that injury sustained was, in fact, the same risk of injury that was appreciated and assumed. *Bullman v. Giuntoli*, 761 A.2d 566, 573 (Pa.Super.Ct. 2000).  "Even if it is assumed that there is an assumption of the risk component to one's actions, it does not necessarily follow that any type of injury suffered in that endeavor becomes immune from suit. Logically speaking, the injury sustained must be the result of the same risk appreciated and assumed." *Bullman*, 761 A.2d at 573. Furthermore, assumption of risk is established as a matter of law "only where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition." *Barrett v. Fredavid Builders, Inc.*, 454 Pa.Super. 162, 166-68, 685

A.2d 129, 131 (1996).  "The mere fact one engages in activity that has some inherent danger does not mean that one cannot recover from a negligent party when injury is subsequently sustained." *Bullman*, 761 A.2d at 572.

In *Handschuh v. Albert Development*, the Pennsylvania Superior Court found that the trial court had properly denied a request to instruct the jury on the theory of assumption of the risk in an action involving the death of a plumbing contractor who sustained injuries when a trench in which he was laying pipe collapsed. 393 Pa.Super. 444 (1990).  Mr. Handschuh was aware of the *general* risk of ditch collapses and it had even been believed that this particular job would be "delicate."  The Pennsylvania Superior Court stated that although the job contained a definite element of risk that was appreciated, the risk was not so *imminent* as to constitute a waiver of the right to complain. Thus, application of assumption of the risk was not implicated. *Handschuh*, 393 Pa.Super. at 446.

In *Barrett v. Fredavid Builders*, *Inc*., the Pennsylvania Superior Court reversed the finding of assumption of risk where an insulation installer, working on two foot stilts, slipped and fell on a discarded piece of siding. 454 Pa.Super. 162 (1996).  Central to the decision was the fact that the plaintiff did not see the *specific* piece of vinyl siding which he stepped on and caused him to fall. *Barrett*, 454 Pa.Super. at 167.

Here, WLE argues that Ms. Bolyard waived her right to bring suit because she consciously appreciated the risk of snow tubing on the old ski slope and did it anyway.  But this *general* knowledge does not address the *particular* danger Ms. Bolyard testified she confronted on the slope, i.e. the ditch or trough she hit that sent her into the trees.  While Ms. Bolyard was generally aware that snow tubing on a  tree-lined trail was dangerous, there is no evidence in the record that she had any knowledge of the specific hazards of that particular slope.  Therefore, the Court does not find that, as a matter of law, she

assumed the risk.

## CONCLUSION

The Court will deny WLE's motion for summary judgment for the reasons stated above.  An appropriate order follows.


February 24, 2012                                                    /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                               United States District Judge